(No. 57342.—■

BAY STATE INSURANCE COMPANY, Appellee, v. GERALD WILSON *et al.* (Gerald Wilson, Appellant).

*Opinion filed June 17, 1983.*

488

Jeanne Sathre and Mark Glass, of Carr, Korein, Kunin, Schlichter & Brennan, of East St. Louis, for appellant.

Michael J. Nester, of Donovan, Hatch & Constance, P.C., of Belleville, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Bay State Insurance Company, filed a declaratory judgment action in the circuit court of Madison County against James Johnson (Johnson), plaintiff's insured, and Gerald Wilson, hereafter defendant. The suit was commenced to determine plaintiff's obligation under a $25,000 homeowner's insurance policy issued to Johnson. Defendant filed a counterclaim alleging plaintiff negligently or in bad faith refused an offer to settle a tort claim for the limits of its policy prior to a previously entered judgment against Johnson.

The trial court held there was coverage under the policy, found plaintiff guilty of bad faith and negligence, and rendered judgment in favor of defendant. A majority of the appellate court reversed, finding, as a matter of law, that there was no coverage under the policy. (108 Ill. App. 3d 1096.) We granted defendant leave to appeal.

From our review of the record, we find only one question need be resolved: Did the appellate court err in concluding, as a matter of law, that plaintiff's insurance policy did not provide coverage for the injury here involved?

The facts are adequately stated in the appellate court opinion and will be reiterated here only to the extent necessary to discuss the issues presented. On August 21,

1972, defendant, and two of his friends, agreed to help his girlfriend move from her apartment in the basement of Johnson's home. She had previously informed Johnson that she intended to move. They arrived at the apartment during daylight hours and found the doors and windows locked. At the time his girlfriend was visiting a neighbor, so defendant attempted to gain access through a window. Johnson heard a noise, looked down from his upstairs window and asked what the three were doing. Defendant said he came for the furniture and asked him to come down and open the door. Although he had seen defendant at the apartment on previous occasions, Johnson refused and told the men to leave the premises. He disappeared from the window, got his shotgun, and went outside to confront them.

The other two men hurriedly left when they saw him with the gun. Defendant testified he told Johnson he was leaving, turned, took a step or two, and was shot in the back. Defendant was unarmed. Johnson testified that he told defendant to leave several times to no avail, that defendant turned toward him and "made a flash" out of his pocket with his right hand, and that that is when he shot him. Defendant's girlfriend said she saw the occurrence from the neighbor's apartment. She corroborated defendant's version.

Johnson was indicted for attempted murder. Subsequently, the charge was reduced to aggravated battery and he was convicted of that crime in a bench trial.

In December 1972 defendant filed a one-count complaint in tort for damages against Johnson alleging a malicious, intentional, and felonious assault. Johnson's personal attorney filed a responsive pleading and tendered the defense of the suit to plaintiff. However, plaintiff refused to defend the action, because the complaint alleged an intentional act for which there was no coverage. The policy contained an exclusionary clause in the liability section which

provided in part: "[T]he policy does not apply *** to bodily injury or property damage which is either *expected* or *intended* from the standpoint of the insured." (Emphasis added.)

Defendant then amended his complaint, adding two other counts. Count II alleged Johnson was negligent in assessing a need for self-defense when he shot defendant. Count III averred he was reckless and wanton in making that assessment. Subsequently, plaintiff provided counsel to defend Johnson, under a reservation of rights, with respect to counts II and III.

In January 1975 defendant offered to settle the case for the $25,000 policy limit. Plaintiff refused and, through other counsel, filed the instant declaratory judgment action to determine whether its policy provided coverage for the shooting. Defendant then voluntarily dismissed count I of his complaint, and the case went to trial on counts II and III. After a bench trial, judgment was entered for defendant on count III for $100,000 against Johnson.

Defendant then filed an answer and a counterclaim in the instant case. Further action was stayed while Johnson appealed the judgment in the personal injury case. The appellate court, by an order, affirmed that judgment and this court denied leave to appeal.

In 1977, Johnson died and his administratrix assigned his rights against plaintiff to defendant. Upon plaintiff's motion, the declaratory judgment and counterclaim were severed for trial. At a bench trial on the declaratory judgment, the parties stipulated that Johnson intentionally shot defendant with a reckless and wanton belief that he was acting in self-defense. Over defendant's objection, plaintiff submitted the transcript of Johnson's criminal conviction to further substantiate the position that Johnson's evaluation of self-defense was reckless, unfounded and without merit. The trial court also had the transcript of the personal injury case before it. The court found: (1) Johnson's primary

intent was self-defense rather than injury to Wilson; (2) neither wilful, wanton nor reckless misconduct amounts to a specific intent to cause injury; and (3) Johnson lacked the "specific intent" to harm Wilson required to bring his actions within the exclusionary clause. As a result, the trial court ruled the policy covered the shooting incident.

In a separate bench trial on the counterclaim, the court found the assignment of Johnson's rights to defendant was valid. It also ruled that plaintiff wrongfully refused to settle the case within the policy limits. Accordingly, the trial court, in the case before us, ordered plaintiff to pay to defendant the $100,000 judgment previously entered against Johnson, together with interest.

Defendant maintains the appellate court misapplied the *prima facie* evidence rule established in *Thornton v. Paul* (1978), 74 Ill. 2d 132. In *Thornton,* this court held that evidence of a prior criminal conviction was admissible in a civil proceeding as *prima facie* evidence that the defendant's conduct constituted the crime. It was said there that "[t]his approach preserves the opportunity to rebut the factual basis of the conviction insofar as those facts are applicable to the civil proceeding." 74 Ill. 2d 132, 151.

Here, defendant argues that the appellate court relied solely on Johnson's conviction to *conclusively* establish that he acted with an intent to injure. We do not read the appellate court's opinion in this case as misconstruing *Thornton.* The court did not rule the conviction alone was conclusive evidence of an intent to injure, as plaintiff suggests. Rather, it found the factual circumstances of the civil case, in combination with the conviction in the criminal case, compelled its conclusion.

Defendant next contends the court ignored the stipulation of the parties which, he claims, sufficiently rebutted any intent to injure. He maintains Johnson acted in self-defense and thus the injuries defendant sustained were an unintended result of the shooting.

We disagree. The instant case does not present a situation where coverage may be extended because the injury is the unintended result of an intentional act. (See, *i.e., Grinnell Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146; *Cowan v. Insurance Co. of North America* (1974), 22 Ill. App. 3d 883; *Smith v. Moran* (1965), 61 Ill. App. 2d 157.) Rather, we find this case manifests an injury which is an intended and expected result of an intentional act. See *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224.

Both parties stipulated Johnson intentionally shot defendant with a .12-gauge shotgun at point-blank range. As a result of this incident, Johnson was indicted for attempted murder and ultimately convicted of aggravated battery. At his trial, Johnson offered no evidence in defense of the charge. Section 12—4(a) of the Criminal Code of 1961 (Code) provides: "A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery ***." (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(a).) Under *Thornton,* Johnson's conviction of this crime is *prima facie* evidence in this case that he either intended defendant's injuries or knowingly caused them. If the injuries were intended, clearly there is no coverage. The question then becomes whether it can be said that Johnson, in knowingly causing the injuries, intended *or* expected to injure defendant.

In defining the term "knowledge," the Code provides:

"A person knows, or acts knowingly or with knowledge of:
***

(b) The result of his conduct *** when he is consciously aware that such result is practically certain to be caused by his conduct." (Ill. Rev. Stat. 1971, ch. 38, par. 4—5.)

Accordingly, Johnson was consciously aware that defend-

ant's injuries were practically certain to be caused when he fired the shotgun.

The appellate court has previously interpreted exclusionary clauses identical to the one in the instant case. The terms "intended" or "expected" included in such clauses have not been treated as synonymous. Otherwise, no purpose would be served by including them within the clause. A greater degree of proof is required to establish intent than to establish expectation. (*Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 228-29 (Moran, J., specially concurring).) Injuries which are of such a nature that they should have been reasonably anticipated by the insured are "expected" injuries. (*Aetna Casualty & Surety Co. v. Freyer* (1980), 89 Ill. App. 3d 617, 620.) From the foregoing, we believe that Johnson, in being consciously aware that defendant's injuries were practically certain to be caused by his conduct, must have reasonably anticipated or "expected" the injuries which resulted.

We agree with the conclusion of the appellate court in this case. The nature and elements of Johnson's criminal conviction wherein self-defense was not raised, together with the factual circumstances in the civil case, compel the determination, as a matter of law, that Johnson either intended or expected to injure plaintiff.

In either event, the exclusionary clause is applicable. Thus, plaintiff's insurance policy affords no coverage for the shooting incident.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*