SHELTER INSURANCE COMPANIES, Plaintiff-Appellant, v. MICHAEL ALLEN SMITH *et al.*, Defendants-Appellees.

Fifth District   No. 5—84—0107

Opinion filed April 16, 1985.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (William F. Kopis, of counsel), for appellant.

Callis & Hartman, of Granite City (John T. Papa, of counsel), for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Shelter Insurance Companies, plaintiff, appeals from a judgment of the circuit court of Madison County declaring that a policy issued by plaintiff afforded coverage in connection with an accident in which the insured, Michael Smith, punched Kerry Dioneda several times. For the reasons which follow, we reverse the judgment of the circuit court.

The record establishes that plaintiff issued a homeowner's policy to Jack H. Smith and Mary B. Smith, and that Michael Smith was an insured under the terms of this policy. The policy contains the following exclusion:

"This policy does not apply:

1. Under Coverage E-Personal Liability and Coverage F-Medical Payment to Others:

\* \* \*

f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured."

During the trial of this matter, Michael Smith testified that on November 19, 1981, he was driving his car in Granite City when an automobile driven by Kerry Dioneda pulled into his lane of traffic and cut him off. Smith testified that he became angry, made an obscene gesture at Dioneda, whom he did not know, and pulled his vehicle up beside Dioneda's at a stoplight. Smith then pointed to a nearby parking lot, and both he and Dioneda pulled their vehicles into that lot. Smith's girlfriend was with him in the car, and Dioneda's brother Randy was in the Dioneda vehicle with Kerry. After stopping in the parking lot, Smith got out of his car and went to the driver's side of the Dioneda vehicle. After an exchange of words between the two

men, Smith hit Kerry Dioneda. Smith described his actions as follows:

"Q. He [Dioneda] never hit you with his hands or with his fist, did he, sir?

A. No, I blocked a few punches though.

Q. After you had struck him several times, isn't that correct, sir?

A. Would you repeat the question, please?

Q. When you say you blocked punches, only after you had struck him several times; isn't that correct, sir?

A. I don't believe so.

Q. It was after you had struck him at least one time, isn't that correct?

A. Yes, yes, at least one time.

Q. You did make the first blow by smashing him in the face with your fist?

A. Yes, I was defending myself.

\* \* \*

Q. (By Mr. Kopis) Now, when you struck Mr. Kerry Dioneda in the face, you did it with power; isn't that correct?

A. Yes, I did. I was—

Q. And you did it with your closed fist, isn't that correct?

A. Yes, that was correct, he was making threats towards me and my girlfriend; I didn't expect to hurt him like that.

Q. You repeatedly struck him in the face a minimum of five or six times, isn't that correct?

A. That is correct.

Q. And, at the time that you struck him in the face, you intended to hit him in the face; didn't you, sir?

A. Yes.

Q. And, at the time that you intentionally struck Kerry Dioneda in the face, at that time you expected that he would receive an injury as a result of that; didn't you, sir?

A. No, I didn't. No, wrong. I didn't expect an injury.

Q. Again, referring to your Discovery Deposition, sir, and I am referring to page 37 you were asked this question and you gave this answer on line 20 question beginning on line 15.

'How far back did you bring your arm when you hit him in the face with your fist?

Answer: I can remember making an upper cut not really—defending myself; I wasn't trying to get out and hurt him that much really. .

Question: Well, didn't you expect that if you hit him in the

face with your fist that you would hurt him to some degree?

Answer: To some degree like maybe a black eye or something like that.'

Didn't you give that answer?

A. You are saying an injury.

Q. You don't consider a black eye to be an injury, sir?

A. No, I don't.

Q. What is your definition? How does one get a black eye?

A. I don't—you mean injury talking about a broken bone or something. That's my definition, the way I interpret it.

Q. You did expect him to receive a black eye of [sic] you pounding him repeatedly in the face?

A. Not necessarily.

* * *

Q. You didn't receive any bruises or marks on your body, did you?

A. I was kicked in the groin area.

Q. Did you receive any bruises or marks on your body, sir?

A. It was red, yes.

Q. With—

A. My girlfriend had to drive home; I couldn't drive home in my car.

Q. You were kicked in the groin you allege after you had already struck Mr. Dioneda several times?

A. Yes.

Q. Is that correct?

A. That is correct.

Q. Now, Mr. Smith, while you were standing there yelling at Mr. Dioneda, isn't it true, that there was nothing to prevent you from turning around and walking back to your automobile, getting inside the car and driving away?

A. That is probably true.

Q. Nobody tried to physically restrain you, isn't that true?

A. That is true."

■■■ In *Bay State Insurance Co. v. Wilson* (1983), 96 Ill. 2d 487, 451 N.E.2d 2d 880, our supreme court discussed an exclusionary clause identical to that contained in the policy issued by plaintiff here:

"The terms 'intended' or 'expected' included in such clauses have not been treated as synonymous. Otherwise, no purpose would be served by including them within the clause. A greater degree of proof is required to establish intent than to establish expectation. [Citation.] Injuries which are of such a nature that

they should have been reasonably anticipated by the insured are 'expected' injuries." 96 Ill. 2d 487, 494.

Application of this test to the facts of this case compels the conclusion that Dioneda's injuries were of such a nature that they should reasonably have been anticipated by Smith, and that the court erred in entering judgment against plaintiff. It was uncontradicted that Smith hit Dioneda "with power," that Smith could easily have returned to his car instead of hitting Dioneda, and that Dioneda received multiple fractures of the nose and face as a result of Smith's actions. It has been recognized that a hard blow to the face constitutes an "expected" injury with respect to the clause in question (*Shook v. Tinny* (1984) 122 Ill. App. 3d 741, 746-47, 461 N.E.2d 642), and the record here admits of no other conclusion.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

KASSERMAN and WELCH, JJ., concur.