**W.C. HAYES, Jr., d/b/a Fashion Cleaners, Plaintiff,**

**v.**

**MARYLAND CASUALTY CO., Defendant.**

**No. 87–30410 WEA.**

United States District Court, N.D. Florida.

April 14, 1988.

Thomas G. Morton, Jr., Morton Law Center of Pensacola, P.A., Pensacola, Fla., for plaintiff.

C. Miner Harrell, Harrell, Wiltshire, Swearingen, Wilson & Harrell, Pensacola, Fla., Thomas W. Brunner, Wiley, Rein & Fielding, Washington, D.C., for defendant.

## MEMORANDUM DECISION

ARNOW, Senior District Judge.

Before this court and ripe for decision are defendant's motion for summary judgment (doc. 10) and a motion for summary judgment (doc. 15) filed by the plaintiff.

In this case, filtration material from dry cleaning fluid amounting to three or four pounds every four to seven days was found in a six foot bank on the plaintiff's property. Under the evidence it would take a long period of time for the bank to get that thick. The waste did not deposit there naturally, but had to be carried to this bank and left there.

Orders for corrective action were directed to the plaintiff by the Florida Department of Environmental Regulation (DER) and the Escambia County Utilities Authority (ECUA). There was a liability insurance policy issued to plaintiff by Maryland Casualty Company. Plaintiff asked the court to declare the policy provides coverage for these orders.

The orders report expenses, incurred by these agencies in investigating the contamination and in removing the pollutant from the groundwater, saying that these costs and expenses are recoverable, and demand their payment. The Notice of Violation issued by the DER states that DER "is not barred by the issuance of this notice from maintaining an independent action in circuit court with respect to the alleged violations" and that such an action may seek injunctive relief, damages, civil penalties and costs. The one issued by ECUA advises plaintiff that, if he fails to comply with the order, the authority may

file suit "seeking judicial enforcement of its order and/or to recover damages" plus litigation expenses.

The policy affords coverage for "all sums which insured shall become legally obligated to pay as damages because of property damage." Maryland Casualty responded to Hayes that his policy did not cover the cost of complying with these orders because, among other reasons, they did not seek to recover damages for property damage within the meaning of the term as used in the policy.

Thereupon, this declaratory action was filed and, following filing, the motions for summary judgment referred to herein were filed.

The policy provides that the company will pay on behalf of an insured all sums which the insured shall become obligated to pay as damages because of property damage caused by an occurrence.

As defendant points out, the word "damages" as used in an insurance agreement of this kind is meant in its ordinary legal sense—compensation in money imposed by law for loss or injury. The orders here involved seek reimbursement for expenses for investigation and of cleanup.

While Florida law gives the state authority to seek damages for pollution caused injury to natural resources, DER has not sought in this action to seek damages. The expenses that it seeks to recover are not damages within the meaning of the policy here involved. *Maryland Casualty Co. v. Armco*, 822 F.2d 1348 (4th Cir.1987) cert. den. —— U.S. ——, 108 S.Ct. 703, 98 L.Ed. 2d 654 (1988), *Aetna v. Hanna*, 224 F.2d 499 (5th Cir.1955), and *Garden v. Insurance Co. of North America*, 292 So.2d 75 (Fla. 2 DCA 1974).

*Hanna*, being a pre–1981 Fifth Circuit case dealing with Florida law, is binding precedent upon this court.

Insofar as the ECUA is concerned, it also, in trying to recover expenses, is not seeking by virtue of its notice to recover damages.

Plaintiff cites *Pepper's Steel & Alloys v. U.S. Fidelity*, 668 F.Supp. 1541 (S.D.Fla.

1987) and *Payne v. U.S. Fidelity*, 625 F.Supp. 1189 (S.D.Fla.1985). Apparently *Hanna* was not cited to Judge Spellman when he decided these two cases. In any event, to the extent those cases are in conflict with this decision they will not be followed by this court.

In view of the foregoing, the court concludes that the defendant's motion for summary judgment is well taken and that that judgment should be granted.

Presented before this court is a further and valid contention why defendant's motion should be granted.

■ The policy in this case had a pollution exclusion clause. It reads as follows. "Pollution Exclusion

This insurance does not apply to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, release or escape is sudden and accidental."

By its terms, the pollution exclusion clause does not apply if it was sudden and accidental.

Under the evidence here it is clear beyond cavil that the damage was not sudden —the pollution had to be carried on over a considerable period of time. See *Great Lakes v. National Union*, 727 F.2d 30 (1st Cir.1984).

Respecting the word "accidental", under the evidence the act of placing this pollutant on the property was done purposely through the years. It is not so clear, however, it was known by the person or persons dumping the waste that pollution would occur. In any event, because, under the policy, the pollution exclusion clause applies unless it is both sudden and accidental, in this case the exclusion clause does apply and thus presents an additional reason for granting defendant's motion for summary judgment.

**1516**

In this case the defendant is not even arguably liable to the plaintiff for the relief sought by plaintiff. Because of that, there is no duty of defendant either to defend any suit brought against plaintiff by virtue of the orders referred to herein, or to indemnify plaintiff.

Respecting defendant's motion for summary judgment, there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.

Judgment will be entered granting defendant's motion for summary judgment, holding that the policy of defendant involved herein affords no coverage for the DER and ECUA orders at issue in this suit, and holding that the defendant has no obligation to defend or indemnify the plaintiff in connection with such orders, and with this suit being dismissed with prejudice and at plaintiff's cost.

Order will be entered denying plaintiff's motion for summary judgment.