WEST AMERICAN INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, v. LOUIS N. VAGO, Defendant-Appellee.

Second District   No. 2—89—0639

Opinion filed April 26, 1990.—Rehearing denied May 23, 1990.

Michael Resis and Victor J. Piekarski, both of Querrey & Harrow, Ltd., of Chicago, for appellants.

Patrick M. Kinnally and Joseph C. Loran, both of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, for appellee. -

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, West American Insurance Company (West American) and Indiana Insurance Company (Indiana), appeal from an order of the circuit court of Kane County declaring that they have a duty to defend their insured, defendant Louis Vago, in a certain tort action. On appeal, plaintiffs contend the order was erroneous because exclusionary provisions in the applicable policies precluded coverage under the facts alleged in the tort complaint. We reverse.

In her original tort complaint, the woman who sued Vago alleged that on the evening of April 4, 1987, she was working as a waitress at a country club. We will henceforth refer to this woman as "the waitress." Defendant, a member of the club, allegedly grabbed her from behind, locked his arms around her waist, and thrust his pelvis against her buttock several times while having an erection. Defendant kept her in his grasp and prevented her from escaping. As a result of these actions, the waitress suffered injuries which included insomnia, post-traumatic stress disorder, and a phobic reaction. Count I of the complaint alleged that defendant committed a battery against the waitress; count II alleged his actions amounted to intentional infliction of emotional distress upon her; count III alleged defendant forcibly restrained her; and count IV sought punitive damages as a result of the alleged attack.

The waitress subsequently filed an amended complaint. The first four counts of the amended complaint were exactly the same as the four counts of the original complaint. She added a fifth count to the amended complaint which incorporated each of the allegations of the previous four counts and also stated as follows:

"[T]hat defendant was under a duty to act with due care towards the plaintiff, and to refrain from acting or failing to act

in such a manner as would foreseeably result in harm to the plaintiff.

That in breach of said duty, *** the defendant acted in such a manner so as to cause his pelvis to make a continuous, offensive touching of plaintiff's body and further acted so as to render plaintiff unable to free herself from said contact."

At the time of his alleged attack upon the waitress, Vago was covered by a homeowners insurance policy issued by Indiana and one issued by West American. Both policies provided coverage for personal injury or bodily injury to others under certain circumstances. The two policies also stated that the insurance companies would provide a defense by counsel of their choice if a suit was brought against the insured for personal or bodily injuries to which their coverages applied. Although the Indiana policy defined the term "personal injury" so as to include injuries arising from false arrest, malicious prosecution, wilful detention or imprisonment, libel, slander, invasion of privacy, wrongful eviction, and wrongful entry, the West American policy specifically excluded injuries arising from the aforementioned torts from coverage. Both policies contained clauses excluding coverage for bodily injury "which is expected or intended by the insured."

Plaintiffs filed a complaint in the circuit court of Kane County on August 4, 1988, in which they sought a declaratory judgment that the policies in question provided no coverage to Vago with respect to the allegations raised in the tort action, that they had no duty to defend him against those allegations, and for any other appropriate relief. In his answer, Vago stated that plaintiffs had a duty to defend him because the negligent acts alleged in count V are covered by both policies. Vago subsequently filed a motion for summary judgment, and plaintiffs filed a motion for judgment on the pleadings.

The trial court held a hearing concerning these motions on February 24, 1989. The trial judge stated that plaintiffs were not entitled to declaratory relief because they could conceivably have a duty to indemnify Vago under the allegations of the tort complaint. The trial judge also stated that the question of whether Vago expected or intended the results of his acts was a jury question. Furthermore, the court determined that the Indiana policy was ambiguous because it provided coverage for certain specifically mentioned intentional torts while excluding coverage for bodily injuries expected or intended by the insured, thus creating a possible duty on Indiana's part to indemnify even if Vago's conduct was intentional.

The trial court entered an order the day of the hearing stating that plaintiffs' complaint for declaratory relief was denied for the rea-

sons stated of record, a duty to defend exists as to both plaintiffs, and with respect to plaintiffs' duty to indemnify defendants, the complaint was dismissed without prejudice pending the outcome of the tort action. Plaintiffs' motion to reconsider was subsequently denied by the trial court; and plaintiffs filed a timely notice of appeal.

As a preliminary matter, Vago has moved to dismiss this appeal on the basis that the order appealed from was not a final and appealable order because it dismissed the complaint without prejudice with respect to the issue of plaintiffs' duty to indemnify him. We have ordered this motion to be taken with the case, and we hereby deny it. Ordinarily, the inclusion of the language "without prejudice" in a dismissal order manifests the intention of the trial court that the order not be considered final and appealable. (*Renzulli v. Zoning Board of Appeals* (1988), 176 Ill. App. 3d 661, 663.) In *Renzulli*, however, the trial court's order stated that plaintiff's " 'second amended complaint be and hereby is dismissed without prejudice' " (176 Ill. App. 3d at 662). This is not true in the case at bar, since the trial court only used the language "without prejudice" in its order with reference to plaintiffs' potential duty to indemnify Vago.

A judgment or order is final and appealable if it ends the litigation between the parties on the merits of the cause so that, if affirmed, the trial court need only to proceed with execution of the judgment. (*Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115.) Although the order does not have to dispose of all issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy, or a definite and separate part thereof. (*Kellerman*, 119 Ill. 2d at 115.) In the present case, plaintiffs sought a declaratory judgment that they did not have to defend Vago in the tort action because the conduct alleged in the tort complaint was not covered by their policies. The trial court's order of February 24, 1989, denied the relief sought in plaintiffs' declaratory judgment complaint and contained a finding that plaintiffs had a duty to defend Vago. Thus, the rights of the parties were disposed of, and the order clearly terminated the litigation by denying the relief sought in the complaint.

The language dismissing the complaint without prejudice with respect to plaintiffs' duty to indemnify was merely an attempt by the trial judge to make it clear to the parties that the ruling would not preclude plaintiffs from later claiming they had no obligation to indemnify Vago for any damages he might have to pay in relation to the tort action. Because the duty to defend an insured party is broader than the duty to indemnify that party (*Motor Vehicle Casu-*

*alty Co. v. GSF Energy, Inc.* (1989), 193 Ill. App. 3d 1, 8), a finding by the trial court that plaintiffs had no duty to defend Vago would have necessarily meant that they had no duty to indemnify him (see *Altaf v. Hanover Square Condominium Association No. 1* (1989), 188 Ill. App. 3d 533, 542). Finding that a duty to defend does exist does not necessarily create an obligation to indemnify, however, and this is the point the trial court was trying to make. In our view, the February 24, 1989, order was a final and appealable order which conclusively terminated the litigation in the trial court in Vago's favor. We shall therefore proceed to determine the merits of the case.

■ Plaintiffs contend they do not have a duty to defend Vago against the allegations raised in the tort complaint because both policies contained provisions excluding coverage for personal or bodily injuries expected or intended by the insured. An insurance company's obligation to provide counsel for its insured depends upon the allegations of the complaint and the applicable provisions of the insurance policy. (*Altaf,* 188 Ill. App. 3d at 540.) The insurer must defend its insured if the complaint alleges facts which are within or potentially within policy coverage. (*Adman Products Co. v. Federal Insurance Co.* (1989), 187 Ill. App. 3d 322, 324.) The duty to defend exists even if the complaint alleges several causes of action and only one is within potential policy coverage. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 194.) In determining whether such a duty exists, the allegations of the complaint must be construed liberally, and any doubts must be resolved in favor of the insured. *Altaf,* 188 Ill. App. 3d at 541.

■ In ruling that a duty to defend existed, the trial judge stated that plaintiffs potentially had a duty to indemnify Vago under the allegations of the complaint and that the question of whether the injuries suffered by the waitress were expected or intended by Vago had to be resolved by a jury. In *Bay State Insurance Co. v. Wilson* (1983), 96 Ill. 2d 487, our supreme court considered an exclusionary provision almost identical to the exclusionary clauses at issue in this case. The clause in *Bay State* stated in part: "[T]he policy does not apply *** to bodily injury or property damage which is either expected or intended from the standpoint of the insured." (96 Ill. 2d at 491.) The court held that injuries of such a nature that they should have been reasonably anticipated by the insured are "expected" injuries under such a provision. (*Bay State,* 96 Ill. 2d at 494.) The court concluded there was no coverage under this exclusionary provision because the insured, who shot another man, was consciously aware that defendant's injuries were practically certain to be caused by his conduct and must have

therefore reasonably anticipated or "expected" the resultant injuries. 96 Ill. 2d at 494.

■ The policies at issue in this case also exclude coverage for bodily or personal injuries "expected or intended by the insured." We must therefore determine whether, under the allegations of the complaint, it is conceivable that Vago would not have reasonably anticipated the injuries to the waitress allegedly resulting from his conduct. We conclude that it is not. Quite simply, the tort complaint alleges that Vago deliberately sexually assaulted the waitress. While count V of the tort complaint uses terminology generally associated with negligence, speaking of Vago's "duty to act with due care" and his alleged "breach of said duty," that count incorporates the specific factual allegations of the other four counts. According to these allegations, Vago grabbed the waitress from behind, locked his arms around her waist, and thrust his pelvis against her buttock several times. Such a course of conduct is clearly intentional and not merely negligent or accidental. Furthermore, if Vago engaged in such conduct, he would have been consciously aware that he was practically certain to cause emotional injuries to the waitress. Since such injuries should have been reasonably anticipated by Vago, they are "expected" injuries under the *Bay State* holding and were not covered because of the exclusionary clauses in the two policies. See also *Aetna Casualty & Surety Co. v. Freyer* (1980), 89 Ill. App. 3d 617, 620.

■ The trial court also concluded that the Indiana policy was ambiguous because it provided coverage for personal injuries to others under certain circumstances and included injuries resulting from some intentional torts in the definition of personal injury, while at the same time it excluded coverage for personal injuries expected or intended by the insured. If an insurance policy is ambiguous, it will be construed in favor of the insured. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4.) In determining whether an ambiguity exists, all provisions of the policy should be read together. (*Schnackenberg*, 88 Ill. 2d at 5.) If the language of the policy can reasonably be given its plain, ordinary, and popular meaning, the provisions should be applied as written, and the parties should be bound to the agreement into which they entered. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495.

■ We disagree with the trial judge's determination that the Indiana policy was ambiguous with respect to coverage of injuries resulting from intentional torts. In general, the policy provided coverage for personal injuries resulting from the intentional torts mentioned under the definition of "personal injury," such as false arrest, wilful

detention, libel and slander. Under the exclusionary provision at issue in this case, however, no coverage was provided if the injuries resulting from one of those intentional torts were "expected or intended by the insured." Since the language of the exclusionary provision is clear and since there is no inconsistency between it and the provision generally providing coverage for personal injuries resulting from certain intentional torts, we will apply the language of the exclusionary clause. Accordingly, because the exclusionary clause is clearly applicable under the facts alleged in the tort complaint, we conclude there is no coverage, and plaintiffs have no duty to defend Vago against the allegations of that complaint. Since there is no duty to defend, there is also no duty on the part of plaintiffs to indemnify Vago. (See *Altaf v. Hanover Square Condominium Association No. 1* (1989), 188 Ill. App. 3d 533, 542.) We therefore reverse the trial court and enter a declaratory judgment that plaintiffs have no duty to defend or indemnify Vago with respect to the underlying litigation.

The judgment of the circuit court of Kane County is reversed.

Reversed.

REINHARD and INGLIS, JJ., concur.