TERRY WARREN *et al.*, Plaintiff-Appellees, v. ROBERT LEMAY *et al.*, Defendants .(Shand, Morahan & Company and Evanston Insurance Company, Garnishee-Appellant).

Fifth District No. 5—85—0343

Opinion filed June 5, 1986.—Rehearing denied July 2, 1986.

Edward S. Meyer and Laura B. Allen, both of Evans & Dixon, of St. Louis, Missouri, for appellant.

Robert P. LeChien, of LeChien & Associates, Ltd., of Belleville, for appellees.

JUSTICE WELCH delivered the opinion of the court:

The garnishee, Shand, Morahan & Company, Inc., and Evanston Insurance Company, appeals from the circuit court of St. Clair County's denial of its motion for summary judgment and the grant of the plaintiffs', Terry and Rondice Warrens', motion for summary judgment in a garnishment action. The garnishee raises the following issues on appeal: (1) whether the insured's actions as characterized by the jury's finding were excluded coverage in the insurance policy; (2) whether the policy excludes coverage for the punitive damages; (3) whether the policy provides coverage for attorney fees and costs assessed against the insured for statutory violations; and (4) whether the plaintiffs are entitled to attorney fees and costs for the garnishment action. We affirm.

This appeal is a second appeal from a jury trial in Warren v. Lemay, No. 5—84—0542 (filed March 24, 1986). When the plaintiffs commenced this action, they alleged in their complaint that defendant Century 21 Baebler Realtors (insured) was guilty of wilful and wanton misconduct, in violation of the Real Estate Brokers and Salesmen Li-

cense Act (Ill. Rev. Stat. 1981, ch. 111, par. 5701 *et seq.*) and rules of the Department of Registration and Education promulgated thereunder. They also alleged that defendants Orkin and the insured violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*). In the action, the jury returned a general verdict in favor of the plaintiffs and against defendants, insured and Orkin in the amount of $34,700 for actual damages. The jury also rendered separate verdicts against the defendants in the amount of $25,000 each for punitive damages. The jury also answered numerous special interrogatories. In its responses, it found that the plaintiffs had failed to meet their burden of proof on their claim against defendants Lemays, but had proved all of their claims against Orkin and the insured. The jury found that defendants Orkin and the insured had each shown an utter indifference to or conscious disregard for plaintiffs. The circuit court entered judgment on the jury's verdicts. Thereafter, the court granted the plaintiffs' petition for attorney fees and costs pursuant to section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 270a(c)), but reduced the fees from $37,563.75 to $17,464.50 and awarded only $335.42 of the $3,959.85 requested in costs.

Following the verdict, both defendants appealed. This court affirmed the judgment but remanded the case to assess the requested attorney fees and costs expended on the appeal. In this court's opinion, it found ample evidence from which the jury could conclude that the insured through one or more of its employees acted in such a manner indicating a wilful and wanton disregard for the plaintiff's rights. Furthermore, this court affirmed the attorney fees and costs under section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act. This court also found that the intent of section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act entitled a prevailing party to "all fees and costs reasonably incurred in connection with the claim brought pursuant to its terms." Thus, this court granted the plaintiffs' motion to recover its fees and costs expended for the appeal.

Prior to the pendency of the first appeal in this action, the plaintiffs instituted a garnishment action on August 20, 1984. They sought to garnish an insurance policy issued by the garnishee, Shand, Morahan & Company, Inc., and Evanston Insurance Company, to the insured. After numerous pleadings, on April 3, 1985, the plaintiffs filed a motion for summary judgment with their motion or suggestion in support of its motion and supporting documents. On April 22, 1985, the garnishee

filed its motions for summary judgment with its supporting memoranda. On April 25, 1985, the trial court held a hearing on the motions for summary judgment. After hearing the arguments, the trial court granted the plaintiffs' motion for summary judgment in the amount of $59,700 plus interest to date of $5,505.49 on the jury verdict and in the amount of $17,799.92 plus interest to date of $1,610.57 on the judgment for attorney fees and costs plus costs of garnishment action in the amount of $57.64. The total judgment was $84,673.62. From this judgment the garnishee appeals.

■■ A summary judgment is an appropriate tool in the administration of justice where the issues are defined and the parties agree that only a question of law exists. (*Bellmer v. Charter Security Life Insurance Co.* (1986), 140 Ill. App. 3d 752, 754-55, 488 N.E.2d 1338, 1340.) In this case, the parties filed cross-motions for summary judgment. In their motions as well as in this appeal, the parties did not and do not argue that a genuine issue of facts still exists. Rather, the parties argue over, in each issue, the interpretation, construction and legal effect of the exclusion provision of the insurance contract. Such issues are determined by the court as questions of law. (*Sherbrooke Homes, Ltd. v. Krawczyk* (1980), 82 Ill. App. 3d 990, 992, 403 N.E.2d 622, 623.) Thus, a trial court may grant a summary judgment where the pleadings, depositions and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) On appeal, the reviewing court will reverse the order of summary judgment if it is based upon an erroneous interpretation of the law. (*Bellmer v. Charter Security Life Insurance Co.* (1986), 140 Ill. App. 3d 752, 488 N.E.2d 1338.) This court finds that the trial court properly granted the plaintiffs' motion for summary judgment and did not base its decision on an erroneous interpretation of the law.

■■ ■ Since the issues on appeal involve the interpretation of the exclusion provision within the insurance policy, this court will follow the general rules of interpretation. This court will enforce a policy exclusion if it is clear and unambiguous and does not contravene public policy. (*Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 521, 434 N.E.2d 290, 292.) In applying these rules of interpretation, the words in the policy are given their plain and ordinary meaning. This court will not search for ambiguities. *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5, 429 N.E.2d 1203, 1205.

■ The garnishee's first issue on appeal involves the application

of the following provision in the insurance policy:

"THE EXCLUSIONS

1. This Policy Does not Apply:

(a) to any judgment or final adjudication based upon or arising out of any *dishonest, deliberately fraudulent, criminal, maliciously or deliberately wrongful acts or omissions* committed by or at the direction of the insured. However, notwithstanding the foregoing, the Company will provide a defense for any such claims without any liability on the part of the Company to pay such as the insured shall become legally obligated to pay as damages; \*\*\*." (Emphasis added.)

In the first issue, the garnishee argues that the characterization of the insured's actions by the jury and by this court in its opinion in the first appeal "clearly and unambiguously" excludes the insured's acts from coverage under the insurance policy. Since the issue specifically involves the interpretation and application of the words "dishonest, deliberately fraudulent, criminal, maliciously or deliberately wrongful acts or omissions" within the exclusion provision of the policy, the doctrine of *noscitur a sociis* is applicable. The doctrine states that the meaning of questionable words may be ascertained by reference to the words associated with them. In this case, the words in the provision as a group refer to intentional acts by the insured. Thus, for the garnishee to prevail in this appeal, it must establish that the jury characterized the insured's acts as intentional. Further, the garnishee must also establish that our opinion in the first appeal characterized the insured's actions as intentional.

The garnishee specifically contends in the first issue that the jury's finding that the insured's actions violated the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1981, ch. 111, par. 5701 *et seq.*) and the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 262) characterized the acts as dishonest and fraudulent. The garnishee's argument involves the construction of the statutes under section 15 of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1981, ch. 111, par. 5732), and section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 262). Section 15 states:

"The Department [of Registration and Education] may refuse to issue or renew, may suspend or may revoke any certificate of registration, or may censure or reprimand any registrant hereunder for any one or any combination of the following causes:

\* \* \*

(e) Where the registrant in performing or attempting to perform or pretending to perform any act as a real estate broker or salesman, or where such registrant, in handling his own property, whether held by deed, option, or otherwise, is found guilty of:

1. Making any *substantial misrepresentation,* or untruthful advertising;" (Emphasis added.) Ill. Rev. Stat. 1981, ch. 111, par. 5732(e)(1).

Section 2 of the Consumer Fraud and Deceptive Business Practices Act states, in part:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or *the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment,* suppression or omission of such material fact \* \* \* in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 121½, par. 262.

The emphasis has been added to show that the jury need not find that the acts of the insured were dishonest or deliberately fraudulent. An act in violation of a statute cannot always be equated with a dishonest or fraudulent act as the garnishee argues and cites *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849, and *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 461 N.E.2d 78. However, the garnishee misconstrues and limits the court's rulings in those cases. This court does recognize that these cases do stand for the rule that these statutes seek to protect the public. However, the cases held that the Act does seek to protect individuals from not only dishonest acts but also negligent and reckless acts as exhibited in this case. These acts seek to protect the effect of the conduct and not necessarily the intent only.

In this case, the insured did not request a specific finding on that question. The facts in the record reveal that the jury found that the insured was guilty of wilful and wanton misconduct in violation of section 15(e)(2) and section 2. Also, in response to the insured's special interrogatories the jury responded in the affirmative that the insured's acts showed "utter indifference to or conscious disregard for plaintiffs." Thus the jury did not find or characterize the insured's act as intentional, dishonest or fraudulent. Thus, garnishee's strained

characterization of the jury's findings fail.

■ Next, the garnishee equates the jury's findings of "wilful and wanton" to "malicious" and argues as such, that the insured's action is excluded coverage in the policy. Although, technically, the garnishee has waived the issue because it failed to properly cite authority for its proposition under Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)), this court will examine the garnishee's argument and what this court understands to be the garnishee's cited authority. In stating its argument the garnishee cites *Aetna Casualty & Surety Co. v. Freyer* (1980), 89 Ill. App. 3d 617, 411 N.E.2d 1157 and *Gent v. Collinsville Volkswagen, Inc.* (1983), 116 Ill. App. 3d 496, 451 N.E.2d 1385. The cases do not define wilful and wanton as malicious as the garnishee contends.

In *Freyer*, the insurer filed an action for declaratory judgment seeking a declaration of no coverage. In each of the counts of the complaint against the insured, the victim alleged that the assaults and batteries against her were wanton, wilful and malicious. In one count, the plaintiff specifically asked the court to find that malice was the gist of the action. The insured had allegedly violently assaulted the plaintiff causing bruises and injuries to her head and face. The court found that since the policy excluded coverage for intentional injuries and damages and that the plaintiff did not separately allege wilful and wanton or negligent conduct and only requested that the court find that malice was the gift of her action, the plaintiff's damages were properly denied coverage. The court did not define wilful and wanton as malicious.

In *Gent*, the court held that the punitive or exemplary damages may be awarded when tortious acts are committed with fraud, actual malice, deliberate violence or oppression or when the defendant acts wilfully or with such gross negligence indicating a wanton disregard of the rights of others. However, the court did not define or equate wilful and wanton as malicious, as the garnishee argues. Rather, the court allowed recovery for acts committed by an employee of the company which caused harm to the buyer.

■ In this case, the jury's verdict and its responses to the special interrogatories, found the defendant's actions as wilful and wanton. The jury did not find the insureds' acts as intentional, but rather found that the acts exhibited a conscious disregard for others. This court finds that the jury's finding of wilful and wanton correctly and consistently equated the defendant's acts with reckless. Reckless is defined as "desperately heedless, wanton or wilful, or it may mean only careless, inattentive or negligent *** as to evince disregard of,

or indifference to, [the] consequences \*\*\*." (Emphasis added.) (Black's Law Dictionary 1142 (5th ed. 1979).) Thus, the garnishee's strained definition of "wilful and wanton" fails.

■■ At oral argument, the garnishee contended that the insured's act constituted implied malice. Implied malice is defined as "[m]alice inferred from any deliberate cruel act." (Black's Law Dictionary 863 (5th ed. 1979).) In this case, the jury specifically responded in the negative to the interrogatory asking whether or not the defendant intentionally committed the act. From that finding, it is hard to imagine that the jury meant implied malice. Thus, the garnishee's argument is without merit.

■■ In addition, at oral argument, the garnishee argued that the findings of this court in its opinion in the original case's appeal that the insured's action was "illegal" and the jury's finding that the defendant's actions violated the pertinent statutes equated the action to a criminal act and as such, the act is excluded from coverage. However, illegal means unauthorized by law. Whereas, criminal pertains to the law of crimes or involves a crime. In this case, the defendant did something unauthorized by law but did not commit a criminal act. Thus, the garnishee's argument is without merit.

■■ ■ The garnishee's next contention on appeal is an alternative argument as well. The garnishee argues that even if *ad arguendo*, the policy provides coverage for the compensatory damages assessed against the defendant, there is no insurance coverage available for the punitive damages awarded. The garnishee's argument involves the public policy established by the Illinois courts which prohibits insurance against liability for punitive damages resulting from the insured's own misconduct. (*Beaver v. Country Mutual Insurance Co.* (1981), 95 Ill. App. 3d 1122, 420 N.E.2d 1058.) The garnishee also argues that it cannot be held vicariously liable for punitive damages under the Supreme Court of Kansas case of *Guarantee Abstract & Title Co. v. Interstate Fire & Casualty Co.* (1980), 228 Kan. 532, 618 P.2d 1195.

In *Beaver* the court's holding referred to certain acts committed by an individual and did not refer to vicarious liability. Furthermore, the rule in *Beaver* did not affect the established rule in Illinois and followed in the recent case of *Nandorf, Inc. v. CNA Insurance Cos.* (1985), 134 Ill. App. 3d 134, 139, 479 N.E.2d 988, 993. The rule established in Illinois is that an employer may insure himself against vicarious liability for punitive damages assessed against him in consequence of the wrongful conduct of his employee.

In this case, this court affirmed the jury's finding that the insured

was vicariously liable for the actions of its agent whose actions were the result of this lawsuit. Furthermore, this court has found in the previous issue, that the actions performed by the insured's agent were covered in the policy. Thus, neither the insurance policy nor the public policy of Illinois courts prohibits coverage for the compensatory and punitive damages assessed against the insured for the actions of its employees and agents.

 █ In the final two issues raised on appeal, the garnishee's arguments involve the award of attorney fees and costs. In the third issue, the garnishee argues that the policy excludes awards for attorney fees and costs assessed against the insured for violation of the Real Estate Brokers and Salesman License Act and the Consumer Fraud and Deceptive Business Practices Act. In the fourth and final issue, the garnishee argues that the trial court erred when it granted the plaintiffs' attorney fees for their conduct of the garnishment action. However, the garnishee has waived the issue on appeal for failing to preserve the issues for review at the trial level. (*Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 780, 401 N.E.2d 1032, 1034-35.) The garnishee failed to present the issue to the trial court for consideration in its cross-motion for summary judgment or in its trial brief. Thus, these issues are deemed waived.

For the foregoing reasons, the order of the circuit court of St. Clair County is affirmed. Furthermore, in light of this court's opinion in the first appeal regarding attorney fees on appeal, this court remands this case to the trial court for a hearing on the amount of attorney fees and costs reasonably expended by plaintiffs defending this appeal.

Judgment affirmed and cause remanded with directions.

KARNS and HARRISON, JJ., concur.