UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, a foreign corpo-
ration, Plaintiff,

v.

OPEN SESAME CHILD CARE CENTER,
an Illinois not-for-profit corporation,
Jane Doe, Parent and Next Friend of
John Doe, a minor, Eladio Reyes, Tri–
County Opportunities Council and An-
thony Smith, Defendants.

No. 92 C 20035.

United States District Court,
N.D. Illinois, W.D.

April 29, 1993.

Patricia R. Morton, McKenna, Storer, Rowe, White & Farrug, Wheaton, IL, Mark A. Pheanis, Matthews, Dean, McKenna & Storer, Aurora, IL, for plaintiff.

Douglas E. Lee, Ehrmann, Gehlbach & Beckman, Dixon, IL, Randall K. Reese, Reese & Reese, Rockford, IL, Mark H. Merritt, Blodgett, Reese, Merritt & Albert, Rock Falls, IL, for defendants.

## ORDER

REINHARD, District Judge.

## INTRODUCTION

On September 30, 1992, plaintiff United States Fidelity & Guaranty Co. (USF & G) filed a two-count complaint against defendants Open Sesame Child Care Center (Open Sesame), an Illinois not-for-profit corporation; Jane Doe, Parent and Next Friend of John Doe, a minor; Eladio Reyes; Tri–County Opportunities Council (Tri–County); and Anthony Smith. USF & G is seeking declaratory relief pursuant to 28 U.S.C. § 2201 that it has no duty to defend and indemnify defendants in a pending state court action. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

USF & G has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 against all defendants regarding both counts, to which defendants Open Sesame, Tri–County and Anthony Smith have responded. Open Sesame has filed a cross-motion for summary judgment pursuant to Rule 56. Defendants Tri–County and Anthony Smith

have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## FACTS

USF & G seeks declaratory relief regarding a special multi-peril insurance policy issued to Open Sesame and in effect between October 25, 1985, and October 25, 1986. At the center of USF & G's request for relief is a state court action. On May 30, 1991, Jane Doe, as parent and next friend of John Doe, a minor, filed an eight-count complaint against Reyes, Open Sesame, Tri–County and Smith in the circuit court of the 18th circuit, State of Illinois (the DuPage County lawsuit).[1] In this complaint, Jane Doe alleges Reyes, an employee of Open Sesame, molested the minor child during the summer of 1986 while at Open Sesame's day care center.

After receiving notice of the DuPage County lawsuit, Open Sesame timely notified USF & G of the lawsuit and requested a defense and indemnification. By letter dated June 12, 1991, USF & G agreed to defend Open Sesame subject to a reservation of its rights under the policy. According to the insurance policy, USF & G promised to:

> pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
> A. bodily injury or
> B. property damage
> to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage. . . .

(*See* Complaint, Exh. A).

The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Complaint, Exh. A).

## CONTENTIONS

USF & G contends the acts forming the basis for the DuPage County lawsuit do not constitute an "occurrence" as defined by the insurance policy because Reyes' sexual abuse, and all actions flowing therefrom,

---

1. Plaintiff subsequently amended Count III of her complaint.

were intentional. USF & G also asserts that Reyes is not a named insured to the policy; therefore, it owes no duty to defend nor indemnify him in the state court action. Finally, USF & G asserts it is not obligated to provide coverage for any punitive damages which may be awarded in the DuPage County lawsuit.

Open Sesame contends that it is being sued on a theory of direct negligence in the state court action rather than on theories involving agency principles or vicarious liability. Open Sesame concludes that the negligence allegations fall within the definition of "occurrence" and, therefore, USF & G has a duty to defend it in the state court action. Open Sesame also asserts that nothing in the policy bars coverage for punitive damages. Regarding Reyes, Open Sesame notes that neither Reyes nor itself has requested USF & G to defend Reyes and no case or controversy exists between Reyes and USF & G thereby rendering this court without jurisdiction over the issue.

## DISCUSSION

To succeed on a motion for summary judgment, the movant bears the burden of identifying for the court, from the pleadings and affidavits on file, the absence of any genuine issue of material fact. *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir.1992). Once the movant has made a properly supported motion, the nonmovant has the burden of going forward beyond the pleadings and setting forth specific facts demonstrating the existence of a genuine issue of fact for trial. *Schroeder,* 969 F.2d at 423.

### I. The Definition of "Occurrence"

■ According to its language, the policy does not cover damages for property damage or bodily injury resulting from intentional conduct from the standpoint of Open Sesame. Whether an insurer owes a duty to defend an insured is to be determined from the allegations of Jane Doe's state court complaint. *See Thornton v. Paul,* 74 Ill.2d 132, 143, 23 Ill.Dec. 541, 545, 384 N.E.2d 335, 339 (1978). "If the complaint alleges facts within or po-

tentially within policy coverage, the insurer is obliged to defend even if the allegations are groundless, false or fraudulent." *Thornton,* 74 Ill.2d at 144, 23 Ill.Dec. at 545, 384 N.E.2d at 339. If the allegations potentially support a ground for recovery covered by the policy, the insurer must provide a defense against the entire complaint, even if one or more theories of recovery are specifically excluded under the policy. *Tews Funeral Home, Inc. v. Ohio Casualty Ins. Co.,* 832 F.2d 1037, 1042 (7th Cir.1987), *overruled in unrelated part, National Cycle, Inc. v. Savoy Reins. Co.,* 938 F.2d 61 (7th Cir.1991); *see also Maryland Casualty Co. v. Peppers,* 64 Ill.2d 187, 355 N.E.2d 24 (1976); *Illinois Founders Ins. Co. v. Smith,* 231 Ill.App.3d 269, 273, 172 Ill.Dec. 780, 783, 596 N.E.2d 59, 62 (1st Dist. 1992).

In Counts I and II of her state court complaint, Jane Doe seeks compensatory and punitive damages solely from Reyes. In Count III, Jane Doe alleges that John Doe was sexually assaulted and abused by Reyes while at Open Sesame and performing day care work during normal hours. Jane Doe also alleges Open Sesame failed to perform any background check on Reyes before allowing him to work there. Count III of the complaint states, "That defendant, [Reyes], was unfit for that position, and [Open Sesame] was negligent in allowing him to work there in that it knew or reasonably should have known that Reyes had a prior history of sexually assaulting an individual." (USF & G's motion for summary judgment, Exh. F). Jane Doe seeks compensatory damages from Open Sesame in Count III. Count IV appears to be based on an agency theory, merely alleging that the acts of Open Sesame's agent and employee, Reyes, were wilful and malicious, and seeks punitive damages against Open Sesame. (Complaint, Exh. B). Count V is a claim for intentional infliction of emotional distress against Reyes. In Count VI, Jane Doe seeks compensatory and punitive damages against Open Sesame for the acts of its employee and agent, Reyes, which "were done intentionally or with reckless disregard of the probability of causing emotional distress to John Doe."

■ When addressing a state law claim, a federal district court in Illinois is bound to follow Illinois Supreme Court interpretations. *Shields Enter., Inc. v. First Chicago Corp.,* 975 F.2d 1290, 1297 (7th Cir.1992). And, absent authoritative statements from the Illinois Supreme Court, the district court is bound to follow Illinois Appellate Court interpretations of state law unless there is good reason to think the Illinois Supreme Court would reject the appellate court's decision. *Decatur Memorial Hosp. v. Connecticut Gen. Life Ins. Co.,* 990 F.2d 925, 928 (7th Cir.1993); *Shields,* 975 F.2d at 1297.

It appears that an Illinois court would find, as a matter of law, that Reyes intended to injure John Doe when he sexually abused Doe. *See Scudder v. Hanover Ins. Co.,* 201 Ill.App.3d 921, 925, 147 Ill.Dec. 386, 390, 559 N.E.2d 559, 563 (2d Dist.1990) (court inferred as a matter of law that sexual abuser intended to injure the victim and, therefore, exclusion for intentional acts applied); *West Am. Ins. Co. v. Vago,* 197 Ill.App.3d 131, 137, 143 Ill.Dec. 195, 199, 553 N.E.2d 1181, 1185 (2d Dist.1990) (sexual abuser acted intentionally when he attacked victim, despite pleadings sounding in negligence and exclusion for intentional acts applied). However, *Scudder* and *Vago* addressed whether the abuser, *who was the insured,* acted intentionally in sexually molesting his victim. In the instant case, even assuming Reyes acted intentionally when he sexually abused John Doe, that is not the determinative issue here.

Open Sesame argues that Count III of the underlying complaint alleges negligent hiring, which does not involve intentional conduct. Open Sesame also interprets Count IV and VI, wherein Open Sesame is alleged to be liable on a *respondeat superior* theory for Reyes' acts, as based in part on allegations of reckless conduct. Because these counts include allegations that Open Sesame acted negligently or recklessly, Open Sesame concludes USF & G owes it a duty to defend against the entire state court complaint.

Several federal district courts have addressed this issue. In *Commercial Union Ins. Co. v. Sky, Inc.,* 810 F.Supp. 249 (W.D.Ark.1992), a general insurer filed a declaratory action against an employer, seeking a declaration that it had no duty to defend the employer in a separate sexual harassment lawsuit. In the underlying lawsuit, the complaint alleged a violation of Title VII, 42 U.S.C. § 2000e *et seq.,* and included state claims for the tort of outrage and for negligent hiring and supervision. The court found the abuser's sexual harassment had been intentional. *Sky,* 810 F.Supp. at 253. The court refused to separate the employer's alleged negligence from the abuser's intentional conduct:

> [E]ach and every allegation made by [plaintiff] arises out of the alleged acts of sexual harassment. Her allegations are not mutually exclusive; they are related and interdependent. Without the underlying sexual harassment claim there would have been no alleged 'personal injury' and no basis for a suit against [the employer] for imprisonment, defamation, outrage or negligent supervision.

*Sky,* 810 F.Supp. at 255.

Likewise, in *Old Republic Ins. v. Comprehensive Health Care,* 786 F.Supp. 629 (N.D.Tex.1992), former employees brought suit against their employer in state court, alleging sexual harassment, discrimination, gross negligence and negligent hiring. The employer notified its insurance company of its duty to defend, and the insurance company filed a declaratory judgment action arguing it had no such duty. *Old Republic,* 786 F.Supp. at 631. The district court agreed, finding the allegations against the employer did not constitute an "occurrence." According to the court,

> After reviewing the petition, the Court is not persuaded by the argument that the allegations are severable and, therefore, insurers owe a separate and distinct duty to defend [the employer]. To the contrary, each and every allegation arises out of the alleged acts of sexual harassment. Finding a separate and distinct duty to defend [the employer] would necessarily require proof of the underlying sexual harassment. The allegations are not mutually exclusive; rather, they are related and interdependent. Without the underlying sexual harassment there would have been no inju-

ry and obviously, no basis for a suit against [the employer] for negligence.

*Old Republic,* 786 F.Supp. at 633. *Cf. Columbia Mut. Ins. Co. v. Fiesta Mart, Inc.,* 987 F.2d 1124 (5th Cir.1993) (insurer did not owe duty to defend insured in underlying suit based on insured's alleged negligence, because its negligence was interdependent on and inseparable from another corporation's intentional fraudulent activity).

This court declines to follow the District Courts for the Western District of Arkansas and Northern District of Texas for two reasons. First, a refusal to distinguish between the abuser's intentional conduct and the employer's alleged negligence in hiring the abuser ignores the clear language of the insurance policy. The policy excludes bodily injury or property damage *expected or intended from the standpoint of the insured.* In other words, only the insured's intentional conduct falls outside the ambit of the policy.

■ The tort of negligent hiring is a well-recognized claim in Illinois and is brought against an employer for its negligent hiring of an employee who intentionally injures a third party. *See, e.g., Huber v. Seaton,* 186 Ill.App.3d 503, 504, 134 Ill.Dec. 285, 286, 542 N.E.2d 464, 465 (2d Dist.1989). In refusing to separate the employer's alleged negligence from the employee's intentional conduct, the *Sky* and *Old Republic* courts impermissibly ignored the employer's independent acts which gave rise to the alleged tort. Consequently, in holding that the *employee's* intentional conduct places the insured's negligence outside the definition of "occurrence," the *Sky* and *Old Republic* courts read the exclusion too broadly. Courts assume the predominant purpose of an insurance policy is to provide coverage to the insured. *USF & G v. Specialty Coatings Co.,* 180 Ill.App.3d 378, 383–84, 129 Ill.Dec. 306, 310, 535 N.E.2d 1071, 1075 (1st Dist. 1989). Therefore, exclusionary language will be construed most strongly against the insurer and liberally in favor of the insured. *Goldblatt Bros., Inc. v. Home Indem. Co.,* 773 F.2d 121, 125 (7th Cir.1985). This court finds the allegation of negligent hiring in the underlying complaint is an "occurrence" despite Reyes' intentional conduct.

■ Second, this court must decide the issue as an Illinois court would if faced with the same issue. After reviewing the relevant Illinois case law, this court is of the opinion that an Illinois court would decline to follow the district courts of Arkansas and Texas. In *USF & G v. Wilkin Insulation Co.,* 144 Ill.2d 64, 76–77, 161 Ill.Dec. 280, 286, 578 N.E.2d 926, 932 (1991), USF & G sought a declaration that it owed no duty to defend Wilkin Insulation Co. (Wilkin), an installer of insulation, in a multitude of asbestos cases. USF & G argued, *inter alia,* that each underlying complaint alleged Wilkin acted intentionally in installing asbestos-containing products. *Wilkin,* 144 Ill.2d at 76, 161 Ill. Dec. at 286, 578 N.E.2d at 932. USF & G concluded Wilkin's conduct was not an "occurrence" within the meaning of the policy.

The Illinois Supreme Court rejected USF & G's argument. The court noted an insurer has a duty to defend its insured if any theory of recovery alleges potential coverage. *Wilkin,* 144 Ill.2d at 76, 161 Ill.Dec. at 286, 578 N.E.2d at 932. Each underlying complaint alleged, *inter alia,* a theory of recovery sounding in negligence. *Wilkin,* 144 Ill.2d at 76, 161 Ill.Dec. at 286, 578 N.E.2d at 932. Noting its requirement of liberally construing the pleadings and insurance policies in favor of the insured, the Illinois Supreme Court stated the negligence allegations in each underlying complaint did not involve intentional conduct. *Wilkin,* 144 Ill.2d at 76, 161 Ill.Dec. at 286, 578 N.E.2d at 932.

The court concluded that each complaint, therefore, alleged potential coverage for property damage caused by an "occurrence." *Wilkin,* 144 Ill.2d at 76, 161 Ill.Dec. at 286, 578 N.E.2d at 932; *see also Mutual Serv. Casualty Ins. Co. v. Country Life Ins. Co.,* 859 F.2d 548, 552–53 (7th Cir.1988) (insurer had no duty to defend on complaint predicated on a theory of intentional misconduct, absent any alternative claims of negligence). In light of *Wilkin,* this court believes an Illinois court would find USF & G has a duty to defend Open Sesame in the underlying dispute. Count III alleges a theory of negligence which USF & G concedes is not "inten-

tional conduct." (*See* USF & G's motion for summary judgment, at 4).[2]

■ The court disagrees with Open Sesame's contention that Counts IV and VI contain allegations of direct recklessness against Open Sesame. Rather, Count IV of Jane Doe's state court complaint against Open Sesame is predicated on a theory of *respondeat superior* for the wilful and malicious conduct of Reyes, and Count VI against Open Sesame is based on a theory of *respondeat superior* for the intentional or reckless conduct of Reyes. Because Reyes' intentional conduct is imputed to Open Sesame on a *respondeat superior* theory, Counts IV and VI do not involve conduct constituting an "occurrence" for purposes of the policy in dispute.[3] However, because USF & G owes a duty to defend Open Sesame on Count III, it must defend against the entire complaint. *See Tews,* 832 F.2d at 1042 (7th Cir.1987).[4]

## II. Eladio Reyes

USF & G seeks a declaration that it is not obligated to defend nor indemnify Eladio Reyes, as he is not a named insured in Open Sesame's policy. Open Sesame responds that to the best of its knowledge neither Reyes nor itself have requested USF & G to defend Reyes under the insurance policy in dispute. (*See* Hartzell Aff., ¶ 4). Open Sesame concludes this court is without jurisdiction to address the issue because no case or controversy exists. This court agrees. Because no party, including Reyes, has asserted

that USF & G is obligated to defend Reyes, this court declines to address the issue.

## III. Punitive Damages

■ USF & G further contends that it is not obligated to provide coverage for any punitive damages assessed against Open Sesame in the state court action. USF & G does not refer to any policy language in support of its argument; rather, it relies on Illinois public policy as set forth in *Beaver v. Country Mut. Ins. Co.,* 95 Ill.App.3d 1122, 51 Ill.Dec. 500, 420 N.E.2d 1058 (5th Dist.1981). Open Sesame argues, on the other hand, that as a matter of law USF & G must indemnify it for any punitive damages assessed against it in the underlying action.[5]

In *Beaver,* the Illinois Appellate Court for the Fifth District held Illinois public policy prohibits insurance against liability that arises out of one's own misconduct. *Beaver,* 95 Ill.App.3d at 1124, 51 Ill.Dec. at 502, 420 N.E.2d at 1060. *See also Warren v. Lemay,* 144 Ill.App.3d 107, 116, 98 Ill.Dec. 279, 284–85, 494 N.E.2d 206, 211–12 (5th Dist.1986). In the instant case, only Count III alleges direct liability on behalf of Open Sesame and does not include a prayer for punitive damages. Counts IV and VI allege vicarious liability against Open Sesame for the wrongful acts of its employee and agent, Reyes. Therefore, Illinois public policy, as expressed in *Beaver,* does not prohibit Open Sesame from seeking insurance for damages imposed against it pursuant to Counts IV and VI.

---

**2.** *Scudder* and *Vago,* relied on by USF & G, are not controlling as they did not involve a suit against a principal for the acts of his agent, nor did they address allegations of negligent hiring.

**3.** To the extent Jane Doe alleges reckless conduct against Open Sesame on a *respondeat superior* basis, recklessness does not constitute an "occurrence." *See Mutual Serv. Casualty Ins. Co. v. Country Life Ins. Co.,* 859 F.2d 548, 552 (7th Cir.1988).

**4.** In its cross-motion for summary judgment, Open Sesame argues USF & G owes it a duty to indemnify. However, because no determination of Open Sesame's liability has been made in the underlying lawsuit, any determination of USF & G's duty to indemnify Open Sesame regarding the underlying lawsuit is premature at this time. *See Wilkin,* 144 Ill.2d at 72–73, 161 Ill.Dec. at 284, 578 N.E.2d at 930.

**5.** The court notes it is unclear whether punitive damages may be assessed against Open Sesame pursuant to Counts IV and VI which are based on a vicarious liability theory, as the Illinois Supreme Court has severely limited when an employer is liable for punitive damages solely on a *respondeat superior* basis. *See Deal v. Byford,* 127 Ill.2d 192, 205–06, 130 Ill.Dec. 200, 205–06, 537 N.E.2d 267, 272–73 (1989); *Mattyasovszky v. West Towns Bus Co.,* 61 Ill.2d 31, 36–37, 330 N.E.2d 509, 512 (1975); *Kemner v. Monsanto Co.,* 217 Ill.App.3d 188, 160 Ill.Dec. 192, 576 N.E.2d 1146 (5th Dist.1991); *see also In the Matter of Andreuccetti,* 975 F.2d 413, 421 (7th Cir.1992) (citing *Mattyasovszky* and noting the justifications for imposing punitive damages are sharply diminished when such damages are imposed vicariously); John Ingram, *Insurability of Punitive Damages in Illinois,* 76 ILL. B.J. 564, 566 (June 1988).

### IV. Motion to Dismiss

Tri–County and Smith filed a motion to dismiss USF & G's amended complaint for declaratory relief as to them, asserting that the complaint seeks no relief from them. USF & G, in its response, admits no specific relief is being sought against Tri–County and Smith. However, USF & G asserts they are necessary parties who must be allowed to assert any claim which they might have under the policy of insurance issued by USF & G to Open Sesame.

Neither Tri–County nor Smith have any claim they wish to assert against USF & G under the policy at issue. In addition, complete relief may be accorded Open Sesame in this action in their absence. *See* Fed. R.Civ.P. 19(a). Therefore, Tri–County and Smith are dismissed from this action.

### CONCLUSION

For the reasons set forth above, USF & G's motion for summary judgment is denied. Open Sesame's cross-motion for summary judgment is granted in part. USF & G has a duty to defend Open Sesame in the underlying state court action and public policy does not bar coverage for any punitive damages properly assessed against Open Sesame in Counts IV and VI in the state court action. The Rule 12(b)(6) motion to dismiss filed by Tri–County and Smith is granted.