AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff, v. MICHAEL GUZIK *et al.*, Defendants (State Farm Fire and Casualty Company, Indiv. and as Subrogee of Richard Clift *et al.*, Counterplaintiff; American Family Mutual Insurance Company *et al.*, Counterdefendants).

Third District   No. 3—09—0693

Opinion filed December 13, 2010.

Edward W. Moltzen and Julie A. Murphy, both of Edward W. Moltzen & Associates, Ltd., of Hinsdale, for appellant.

Louis A. Varchetto, of Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellee.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The plaintiff, American Family Mutual Insurance (American Family), filed a complaint for a declaratory judgment as to whether it owed insurance coverage under a homeowner's insurance policy issued to defendant Michael Guzik. The complaint related to an explosion and fire that destroyed Guzik's home and damaged neighboring properties. State Farm Fire & Casualty Company (State Farm) filed a counterclaim as subrogee of the neighboring property owners, arguing that American Family owed coverage to Guzik for the damage to the surrounding homes. Both State Farm and American Family filed motions for summary judgment. The trial court granted State Farm's motion

for summary judgment, finding that American Family owed Guzik coverage.

American Family appeals.[1] We reverse for the reasons below.

## FACTS

American Family issued a homeowners insurance policy to Guzik for his home in Lockport, Illinois (premises). The policy was in effect from August 31, 2006, until August 31, 2007, with a liability limit of $500,000.

Section II of the insurance policy provided that American Family will pay up to the policy's coverage limit for "compensatory damages for which any *insured* is legally liable because of *bodily injury* or *property damage* caused by an *occurrence* covered by this policy." (Emphases in original.) The policy defined "occurrence" as an "accident" resulting in bodily injury or property damage.

Under an exclusionary clause in the policy, coverage was excluded for

> "*bodily injury* or *property damage* caused intentionally by or at the direction of any *insured* even if the actual *bodily injury* or *property damage* is different than that which was expected or intended from the standpoint of any *insured*." (Emphases in original.)

On October 5, 2006, an explosion and fire occurred on the premises, causing damage that included: (1) destruction of the premises, rendering it a total loss and requiring demolition and debris removal by the City of Lockport; (2) bodily injuries to Guzik; and (3) damage and loss to four of the surrounding homes, which were insured by State Farm.

An investigation and evidence indicated that prior to the day of the explosion and fire, Guzik had lost his job as a truck driver due to a driving under the influence conviction. He was attempting to sell his home to leave the state. On the day of the incident, Guzik was alone inside the home, the stove was disconnected from the gas line hook up, the gas line connection was open, tools were located near the disconnected stove, an accelerant was detected throughout the home and on Guzik's clothes, and multiple, localized, unusual burn patterns were noted throughout the home. After the explosion and fire, Guzik was hospitalized and had no recollection of events just prior to the incident or of the incident itself. A fire and explosion expert concluded

---

[1] We note that no appellee's brief has been filed by State Farm. However, we find that we may reach the merits of the case because the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493 (1976).

that the explosion and fire were caused by Guzik's deliberate incendiary act of arson.

American Family filed a complaint for a declaratory judgment that it did not owe coverage under the language of the policy because the explosion and fire arose out of the intentional acts of Guzik to cause a loss on his premises. Guzik did not file an appearance or answer to American Family's complaint and, consequently, was found in default.

Pursuant to State Farm's insurance policies with the surrounding homeowners, State Farm compensated its insureds for their losses. State Farm subrogated the rights of its insureds and filed a counterclaim against American Family, claiming that American Family owed coverage to Guzik for State Farm's claims. State Farm claimed that even though Guzik may have intended to damage his premises, there was no evidence that he intended to cause damage to the surrounding homes and, as such, he acted negligently by failing to prevent the fire and explosion from communicating to the surrounding homes.

State Farm and American Family both filed motions for summary judgment. The trial court granted State Farm's motion and denied American Family's motion, finding that American Family owed Guzik coverage under the subject policy for the claims of State Farm and its insureds. American Family appealed.

## ANALYSIS

On appeal, American Family argues that the trial court erred in granting summary judgment in favor of State Farm. We agree.

The standard of review for the entry of summary judgment is *de novo. Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 864 N.E.2d 176 (2007). In reviewing a grant of summary judgment, this court must construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and in the light most favorable to the nonmoving party. *Murray*, 224 Ill. 2d 213, 864 N.E.2d 176.

When construing an insurance contract, a court must give each term in the policy meaning unless to do so would render the clause inconsistent or inherently contradictory. *State Farm Fire & Casualty Co. v. Martin*, 186 Ill. 2d 367, 710 N.E.2d 1228 (1999). In Illinois, the definition of "accident" is defined as an unforseen occurrence, usually of an untoward or disastrous character, with a result that is unintended and unexpected. *Pekin Insurance Co. v. Dial*, 355 Ill. App. 3d 516, 823 N.E.2d 986 (2004); *Lyons v. State Farm Fire & Casualty Co.*, 349 Ill. App. 3d 404, 811 N.E.2d 718 (2004). The natural and ordinary consequences of an act do not constitute an accident. *Dial*, 355 Ill. App. 3d 516, 823 N.E.2d 986.

In construing policy exclusions for damage that is expected or intended by the insured, courts have held that "expected" injuries are those that should have been reasonably anticipated by the insured. *Dial*, 355 Ill. App. 3d 516, 823 N.E.2d 986. If the insured was consciously aware that the injuries were practically certain to be caused by his conduct, the injuries are considered "expected" from the standpoint of the insured and are excluded from coverage. *Dial*, 355 Ill. App. 3d 516, 823 N.E.2d 986.

Here, the subject policy provides coverage for *"bodily injury* or *property damage* caused by an *occurrence"* (emphases in original), with the term "occurrence" defined as an "accident." The policy language is unambiguous that coverage is only applicable to accidents. Here, Guzik intentionally caused the fire to his home; thus, the "occurrence" was not covered under the policy because it was not accidental.

Also, coverage is excluded if injury or property damage was "caused intentionally" by or at the direction of Guzik, "even if the actual *bodily injury* or *property damage* [was] different than that which was expected or intended from [Guzik's] standpoint." (Emphases in original.) The exclusion goes beyond excluding damage that is expected and expressly excludes damage that was unexpected if it resulted from an intentional act.

In this case, Guzik intentionally caused the explosion and fire on his premises. The fire spreading to the neighbors' properties was "expected" in that it was a rational and probable consequence of the explosion and fire. As such, the damage to the neighboring homes falls within the parameters of the exclusionary clause even if it was "different than that which [Guzik] expected or intended." See *State Farm Fire & Casualty Co. v. Martin*, 186 Ill. 2d 367, 375, 710 N.E.2d 1228, 1233 (1999) (the wrongful death suits of two firefighters who died in a fire that resulted from a tenant intentionally leaving an unattended candle in a hamper and using an accelerant to intentionally destroy the building fell under the policy's exclusion for injuries that are " 'expected or intended' "); *Nationwide Insurance v. Board of Trustees of the University of Illinois*, 116 F.3d 1154 (7th Cir. 1997) (the mere fact that actual damage is more severe than anticipated by the insured does not establish that it was not expected or intended).

State Farm's argument at the trial level that Guzik acted negligently in failing to prevent the fire from spreading to the neighboring properties was a transparent attempt to trigger insurance coverage. "Here, [Guzik] literally played with fire; and although the resulting harm was far beyond what he expected," the harm was controlled by him, as the insured, and insurance companies should not

be forced to insure against such harm. *Board of Trustees*, 116 F.3d at 1158 (holding $600,000 of damage caused by a college student who intended only to burn lighter fluid to leave soot on the Astroturf to spell out F-O-O was within the policy's exclusion for damage that was expected or intended by the insured).

Therefore, we reverse the trial court's grant of summary judgment in favor of State Farm and enter a declaratory judgment for American Family that Guzik was not entitled to liability coverage under section II of the subject homeowner's policy for bodily injury or property damage caused in connection with the explosion and fire on October 5, 2006.

## CONCLUSION

Accordingly, we reverse the judgment of the circuit court of Will County and enter a declaratory judgment for American Family.

Reversed.

LYTTON and CARTER, JJ., concur.